FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD HOGAN and JESSIE HOGAN, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>KEYSTONE RV COMPANY, an Indiana corporation doing business in the State of Idaho; R. 'n' R. R.V. HOLIDAY RV, INC., an Idaho corporation doing business in the State of Idaho under the assumed business name of RnR RV Center; BLUE DOG RV OF WASHINGTON, INC., a Washington State corporation doing business in the states of Washington and Idaho,<br><br>　　　　　Defendant. | No. 2:20-CV-00414-SAB<br><br>**ORDER DENYING DEFENDANT'S BLUE DOG RV'S MOTION TO DISMISS** |

　　　Before the Court is Defendant Blue Dog RV of Washington, Inc.'s 12(b)(6) Motion to Dismiss, ECF No. 54. The Court held a hearing on the motion on September 30, 2021, by videoconference. Plaintiffs were represented by James Bendell, who appeared by telephone. Defendant Keystone RV was represented by

**ORDER DENYING DEFENDANT'S BLUE DOG RV'S MOTION TO DISMISS** # 1

Gretchen Hoog, who appeared by telephone. Defendant RnR RV Holiday RV Inc. was represented by Geoffrey Swindler, who appeared by video. Defendant Blue Dog RV of Washington Inc. was represented by Kristen Price and Per Jansen, both of whom appeared by video—Mr. Jansen presented arguments on behalf of Blue Dog RV. The Court took the motion under advisement. Having reviewed the briefing, the parties' arguments, and the applicable caselaw, the Court denies Defendant's motion.

## Background

Unless otherwise noted, the following facts are taken from Plaintiff's First Amended Complaint, ECF No. 33. In October 2017,[1] Plaintiffs Edward and Jessie Hogan bought a new Keystone 5th Wheel RV from Blue Dog RV, a local RV dealer located in Spokane, Washington. Plaintiffs paid $63,838.45 for the RV but allege that they have been unable to use it since September 2018 due to defects in the vehicle.

Plaintiffs allege that, after discovering the defects, they repeatedly brought the RV in for repairs at RNR RV in Lewiston, Idaho, and once at Blue Dog RV in Post Falls, Idaho pursuant to Defendant's instructions. However, Plaintiffs state that these repairs have been unsuccessful. Plaintiffs allege that the RV not only suffers from original product defects—such as a failure of the main slide in the living room to work properly—but also additional defects incurred from the repairs, such as a slide guide bar that was not replaced or reinstalled, a cut to the rubber seal around the smaller rollers that has left the slide open to the elements, and other uninstalled items.

---

[1] The date of purchase does not appear in Plaintiffs' First Amended Complaint, but was included in Plaintiffs' original Complaint and in one of Plaintiff Edward Hogan's Declarations. ECF Nos. 1-1 at 2, 13 at 2.

**ORDER DENYING DEFENDANT'S BLUE DOG RV'S MOTION TO DISMISS** # 2

On October 5, 2020, Plaintiffs filed their Complaint against Defendant Keystone RV in Spokane County Superior Court. ECF No. 1-1. Plaintiffs asserted four claims: (1) violation of the Magnuson Moss Warranty Act ("MMWA"), (2) violation of the Uniform Commercial Code for which they request rescission and damages pursuant to Wash. Rev. Code § 62A.2-608, (3) breach of contract, and (4) violation of the Consumer Protection Act, Wash. Rev. Code §§ 19.86.020, 19.86.093. *Id.* Defendant Keystone RV then removed the action to federal court on November 5, 2020, on diversity jurisdiction grounds. ECF No. 1.

On November 12, 2020, Defendant Keystone RV filed a Partial Motion to Dismiss. ECF No. 4. On February 23, 2021, the Court granted the Partial Motion to Dismiss in part. ECF No. 22. Specifically, the Court dismissed Plaintiffs' claim for rescission and damages under Wash. Rev. Code § 62A.2-608, but allowed Plaintiffs to keep their breach of contract claim.

Plaintiffs filed a Motion to Amend Complaint on March 30, 2021, which the Court granted on May 20, 2021. ECF Nos. 28, 31. Thus, Plaintiffs filed their First Amended Complaint on June 15, 2021, which added two new Defendants, RNR RV and Blue Dog RV; a negligence claim against Blue Dog RV and RNR RV; and a claim for rescission under the MMWA against Keystone RV. ECF No. 33.

Defendant Blue Dog RV filed the present motion on July 30, 2021. ECF No. 54. Jury trial in this case is currently scheduled for June 21, 2022. ECF No. 44.

## Legal Standard

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the

**ORDER DENYING DEFENDANT'S BLUE DOG RV'S MOTION TO DISMISS** # 3

pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levit v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

## Discussion

The Court denies Defendant Blue Dog RV's motion. Defendant argues that Plaintiffs' negligence claim is barred by the independent duty doctrine. However, no Washington court has applied the independent duty doctrine to this same set of facts. Moreover, the Washington State Supreme Court has cautioned that courts should avoid applying the independent duty doctrine to bar tort remedies "unless and until this court has, based upon considerations of common sense, justice, policy and precedent, decided otherwise." *Eastwood v. Horse Harbor,* 170 Wash.2d 380, 417 (2010) (Chambers, J., concurring). Thus, the Court declines to extend state law beyond its current boundaries. The issue of whether Defendant Blue Dog RV is subject to tort liability shall survive for a later stage of litigation.

//

//

//

//

**ORDER DENYING DEFENDANT'S BLUE DOG RV'S MOTION TO DISMISS** # 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Blue Dog RV of Washington, Inc.'s 12(b)(6) Motion to Dismiss, ECF No. 54, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 8th day of October 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S BLUE DOG RV'S MOTION TO DISMISS # 5**